IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KYRA CANNING,<br>            Plaintiff,<br><br>v.<br><br>WILLIAM SMITH, et al.,<br>            Defendants.<br><br>JARROD BLACKWOOD, et al., individually and on behalf of a class of similarly situated individuals,<br>            Consolidated Plaintiffs,<br><br>v.<br><br>JOHN/JANE DOES I-X et al.<br>            Consolidated Defendants. | Lead Civil Action No. 3:20-cv-401-JAG |

## **ORDER**

This matter comes before the Court on the consolidated plaintiffs' motion for leave to publish notice prior to class certification (Dk. No. 19) and motion for a protective order (Dk. No. 21). The plaintiffs, on behalf of themselves and others similarly situated, have sued unknown Richmond police officers. They allege that the defendants violated their constitutional rights during a protest in Richmond, Virginia, on June 1, 2020.

In their motion for leave to publish notice prior to class certification (Dk. No. 19), the plaintiffs seek leave to publish a precertification notice to potential class members "to aid in the administration of this case and to collect evidence and information that may otherwise be lost or destroyed." (Dk. No. 20, at 2.)

Counsel generally does not need judicial approval to communicate with absent class members before class certification. *See generally Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981). Courts, however, may limit communications that "are misleading, abusive, or coercive." 3 William B. Rubenstein, *Newberg on Class Actions* § 9:6 (5th ed. 2020) (footnotes omitted).

Here, the defendants have not opposed the motion for leave to publish precertification notice of the class action. Further, the Court sees no reason to limit the communications at this juncture.[1] Accordingly, because the plaintiffs do not need judicial approval to notify potential class members of the pending lawsuit, the Court DENIES the motion WITHOUT PREJUDICE. (Dk. No. 19.) To the extent that the plaintiffs circulate the proposed notice, for the reasons set forth below, the plaintiffs may not represent that "[t]he Court ordered that the attorneys listed below can keep your name and contact information confidential at this time, if you request." (Dk. No. 20-1.)

In their motion for a protective order (Dk. No. 21), the plaintiffs ask the Court to allow counsel for the plaintiffs to keep confidential the names and contact information of potential class members who do not wish to publicly identify themselves. Instead, they propose using alpha-numeric identifiers for these class members. The defendants, including defense counsel, will not receive the identifying information without a court order. The plaintiffs, however, will disclose the class members they intend to call as witnesses at trial no later than thirty day before discovery ends.

---

[1] Because the Court does not construe the motion as seeking leave to publish notice pursuant to Federal Rule of Civil Procedure 23(c), this Order has no effect on future motions for class certification or to publish class notice. Further, this notice does not replace any notice required under Rule 23.

2

The defendants have a right to know the identities of individuals suing them, including potential class members. They also have a right to reasonably investigate the underlying facts of this case to prepare their defense. Accordingly, the Court DENIES the consolidated plaintiffs' motion for a protective order. (Dk. No. 21.)

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 28 July 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

3