IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KYRA CANNING,<br>      Plaintiff,<br><br>v.<br><br>WILLIAM SMITH, et al.,<br>      Defendants. | Lead Civil Action No. 3:20-cv-401 |
| JARROD BLACKWOOD, et al., individually and on behalf of a class of similarly situated individuals,<br>      Consolidated Plaintiffs,<br><br>v.<br><br>JOHN/JANE DOES I-X et al.<br>      Consolidated Defendants. | |
| MARIA LOURDES MAURER,<br>      Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND, et al.,<br>      Defendants. | Civil Action No. 3:20-cv-668 |

## ORDER

This matter comes before the Court on the parties' joint recommendation and assent to the appointment of Mark E. Rubin as special master for settlement. (ECF No. 50, 3:20cv401; ECF No. 39, 3:20cv668.)[1] The Court held a status conference regarding special masters on November

---

[1] Although the Office of the Attorney General signed the joint notice, it did not take a "position regarding the appointment of Mr. Rubin" and "contends that Defendant Gary Settle should be severed from the consolidated actions." (ECF No. 50, at 2 n.1, 3:20cv401; ECF No. 39,

12, 2020. At the status conference, the parties confirmed their assent to Rubin as special master for settlement.

Rubin has conducted a search for conflicts of interest and has filed the affidavit required by Federal Rule of Civil Procedure 53(b)(3). His affidavit does not identify any conflicts. Accordingly, pursuant to Rule 53, the Court hereby APPOINTS Mark E. Rubin to serve as Special Master for the purposes of mediating a settlement in these consolidated actions.

**1. Duties, Authority, and Review of Special Master's Recommendations**. The Special Master shall mediate settlement negotiations between the parties in these consolidated actions. If the parties reach a mediated settlement, Rubin shall memorialize that settlement, file it with the Court, and serve it on all parties for their endorsement. The Court will review the proposed settlement in accordance with Rule 53.

The Special Master shall proceed with all reasonable diligence and, after consulting with the parties and assessing the nature of the problems presented by the duties assigned, shall advise the Court of a reasonable time for the completion of his duties.

The Special Master shall have all the authority set forth in Rule 53(c). Additionally, the Special Master shall have complete access to any documents the Special Master deems necessary to resolve the disputes.

The Special Master may employ the services of other lawyers at the McCammon Group, if the Special Master first makes known their identities to the Court and the parties. The Special Master may also use the services of legal assistants and support staff employed by the McCammon

---

at 2 n.1, 3:20cv668.) On November 2, the Court denied without prejudice Settle's motion to sever. (ECF No. 49, 3:20cv401; ECF No. 37, 3:20cv668.)

Group as deemed reasonably necessary. The Court will refer to the Special Master and his assistants collectively as the Special Master Team.

**2. Confidentiality and Disclosure.** The Special Master Team may review documents *in camera* if necessary and shall treat those documents as confidential. The members of the Special Master Team who become privy to allegedly privileged or confidential information will not disclose or use any information obtained from the parties' documents in any matter during the pendency of the Special Master appointment or thereafter.

Pursuant Federal Rule of Evidence 502(d), the disclosure of any document or information to the Special Master Team which contains information that is wholly or partially attorney-client privileged or protected by the work-product doctrine shall not waive confidentiality, protection, or privilege either for that document (or part thereof) or for the subject matter of that protected content. Such disclosure will also not constitute a waiver in any federal or state proceeding, including any arbitrations and private dispute resolution proceedings. The Court reserves the determination of whether any such documents produced are admissible on any grounds.

Further, the disclosure of any document or information by one party to another party in conjunction with this proceeding before the Special Master which contains information purported to be wholly or partially protected by the work-product doctrine shall not waive confidentiality, protection, or privilege either for that document (or part thereof) or for the subject matter of that protected content in this action or in any other federal or state proceeding, but only to the extent that such claimed confidentiality, protection, or privilege has not already been waived by the party prior to the commencement of this proceeding before the Special Master.

**3. *Ex Parte* Communication.** The Special Master may communicate *ex parte* with the Court concerning the administration of his appointment and the means of implementing it. The

3

Special Master may communicate *ex parte* with a party after advising the other party that an *ex parte* communication will take place and describing the reason for the communication in general terms.

4. **Record.** The Special Master shall preserve and file a record of such documents, evidentiary materials, and report as he shall deem necessary and appropriate to fulfill the discharge of his duties.

5. **Compensation.** The Special Master shall file a proposed schedule of rates for the lawyers, legal assistants, and support staff on the Special Master Team. Within seven (7) days after the Special Master files the rate schedules, the parties shall state their agreement with, or objection to, the proposed rates. Thereafter, the Court will approve such rates as are reasonable.

At the end of each month, the Special Master shall submit a statement for services rendered and expenses incurred in connection with the discharge of his duties. Within thirty (30) days thereafter, the Court will allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for reference to a master.

6. **Amendment.** Pursuant to Rule 53(b)(4), the Court may amend this Order as needed to assist the Special Master in the discharge of his duties.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 18 November 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

4