IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| KYRA CANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Lead Civil Action No.: 3:20-cv-401 |
| | ) | |
| WILLIAM SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JARROD BLACKWOOD, et al., | ) | |
| individually and on behalf of a class of | ) | |
| similarly situated individuals, | ) | |
| | ) | |
| Consolidated Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN/JANE DOES I-X, et al., | ) | |
| | ) | |
| Consolidated Defendants. | ) | |
| | ) | |
| MARIA LOURDES MAURER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:20-cv-668 |
| | ) | |
| CITY OF RICHMOND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WILLIAM SMITH'S ANSWER,
AFFIRMATIVE DEFENSES, AND DEFENSES TO
<u>PLAINTIFF KYRA CANNING'S FIRST AMENDED COMPLAINT</u>**

Pursuant to Fed. R. Civ. P. 8, Defendant William Smith ("Chief Smith"), by counsel, respectfully submits the following as his Answer, Affirmative Defenses, and Defenses to Plaintiff Kyra Canning's ("Plaintiff") First Amended Complaint:

1. Chief Smith admits that Plaintiff brought the present action against him. Chief Smith denies the remaining allegations in Paragraph 1.

2. Chief Smith denies the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. The allegations in Paragraph 3 constitute conclusions of law to which no response is required. To the extent a response is required, Chief Smith denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 constitute conclusions of law to which no response is required. To the extent a response is required, Chief Smith denies the allegations in Paragraph 4.

## PARTIES

5. As to the allegations in Paragraph 5, Chief Smith is without knowledge or information sufficient to form a belief as to their truth and leaves Plaintiff to her proof.

6. Chief Smith admits that he was the Chief of Police for the Richmond Police Department until June 16, 2020, and that Plaintiff brought the present action against him in his individual capacity. Chief Smith denies that he acted unlawfully toward Plaintiff at any time, or that he is liable to Plaintiff under any theory or in any amount. Chief Smith denies the remaining allegations in Paragraph 6.

7.      Chief Smith admits only that Plaintiff has sued John Doe(s) Police Officers in their individual capacities in the present action. Chief Smith denies the remaining allegations in Paragraph 7.

## FACTUAL ALLEGATIONS

8.      Chief Smith admits that George Floyd died on May 25, 2020. Chief Smith is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 and leaves Plaintiff to her proof.

9.      Chief Smith admits that protests occurred in Richmond, Virginia after Mr. Floyd's death on May 25, 2020. Chief Smith is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 and leaves Plaintiff to her proof.

10.      Chief Smith admits that the City of Richmond established an 8:00 p.m. curfew on May 31, 2020. Chief Smith admits that Mayor Levar Stoney made public statements, and that those statements speak for themselves. Chief Smith denies the remaining allegations in Paragraph 10.

11.      As to the first two (2) sentences of Paragraph 11, Chief Smith admits that protestors gathered around the Lee Monument in Richmond, Virginia on June 1, 2020, and that the Lee Monument is on public property within a traffic circle. Chief Smith denies the remaining allegations in Paragraph 11.

12.      Chief Smith denies the allegations in Paragraph 12.

13.      Chief Smith admits that Richmond Police Officers were at or near the Lee Monument on June 1, 2020. Chief Smith denies the remaining allegations in Paragraph 13.

14. Chief Smith admits making public statements on June 1, 2020, and that those statements speak for themselves. Chief Smith denies the remaining allegations in Paragraph 14.

15. Chief Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and leaves Plaintiff to her proof.

16. Chief Smith denies the allegations in Paragraph 16.

17. Chief Smith denies the allegations in Paragraph 17.

18. Chief Smith denies the allegations in Paragraph 18.

19. As the allegations in Paragraph 19 pertain to Plaintiff, Chief Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and leaves Plaintiff to her proof. Plaintiff denies the remaining allegations in Paragraph 19.

20. Chief Smith denies the allegations in Paragraph 20.

21. Chief Smith denies that Plaintiff was unlawfully seized. As to the remaining allegations in Paragraph 21, Chief Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and leaves Plaintiff to her proof.

22. Chief Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and leaves Plaintiff to her proof.

23. Chief Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and leaves Plaintiff to her proof.

24. Chief Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and leaves Plaintiff to her proof.

25. Chief Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 and leaves Plaintiff to her proof.

26. Chief Smith admits that Mayor Levar Stoney made public statements on June 2, 2020, and that those statements speak for themselves. Chief Smith denies the remaining allegations in Paragraph 26.

27. Chief Smith admits making public statements on June 2, 2020, and that those statements speak for themselves. Chief Smith denies the remaining allegations in Paragraph 27.

28. Chief Smith admits making public statements on June 2, 2020, and that those statements speak for themselves. Chief Smith denies the remaining allegations in Paragraph 28.

29. Chief Smith denies the allegations in Paragraph 29. Chief Smith was not physically present at the Lee Monument during the time of the events alleged in Plaintiff's First Amended Complaint.

30. Chief Smith denies the allegations in Paragraph 30.

31. Chief Smith admits that he resigned from his position as Chief of Police for the City of Richmond on or around June 16, 2020. Chief Smith denies the remaining allegations in Paragraph 31.

## COUNT I
**42 U.S.C. § 1983 – First Amendment Retaliation – John Doe Defendants**

32. Chief Smith incorporates by reference his responses to the allegations in Paragraphs 1 through 31 as set forth fully herein.

33. The allegations in Paragraph 33 constitute conclusions of law to which no response is required. To the extent a response is required, Chief Smith denies that Plaintiff has pled sufficient facts to support the allegations in Paragraph 33.

34. The allegations in Paragraph 34 are not directed toward Chief Smith. Nevertheless, to the extent a response is required, Chief Smith denies the allegations in Paragraph 34.

35. The allegations in Paragraph 35 are not directed toward Chief Smith. Nevertheless, to the extent a response is required, Chief Smith denies the allegations in Paragraph 35.

36. The allegations in Paragraph 36 are not directed toward Chief Smith. Nevertheless, to the extent a response is required, Chief Smith denies the allegations in Paragraph 36.

37. The allegations in Paragraph 37 are not directed toward Chief Smith. Nevertheless, to the extent a response is required, Chief Smith denies the allegations in Paragraph 37.

## COUNT II
### 42 U.S.C. § 1983 – First Amendment Retaliation – Defendant Smith

38. Chief Smith incorporates by reference his responses to the allegations in Paragraphs 1 through 37 as set forth fully herein.

39. The allegations in Paragraph 39 constitute conclusions of law to which no response is required. To the extent a response is required, Chief Smith denies that Plaintiff has pled sufficient facts to support the allegations in Paragraph 39.

40. Chief Smith denies the allegations in Paragraph 40.

41. Chief Smith denies the allegations in Paragraph 41.

42. Chief Smith denies the allegations in Paragraph 42.

43. Chief Smith denies the allegations in Paragraph 43.

## COUNT III
### 42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth Amendment – All Defendants

44. Chief Smith incorporates by reference his responses to the allegations in Paragraphs 1 through 43 as set forth fully herein.

45. The allegations in Paragraph 45 constitute conclusions of law to which no response is required. To the extent a response is required, Chief Smith denies that Plaintiff has pled sufficient facts to support the allegations in Paragraph 45.

46. Chief Smith denies the allegations in Paragraph 46.

47. Chief Smith denies the allegations in Paragraph 47.

48. Chief Smith denies the allegations in Paragraph 48.

49. Chief Smith denies the allegations in Paragraph 49.

50. The allegations in Paragraph 50 constitute conclusions of law to which no response is required. To the extent a response is required, Chief Smith denies that Plaintiff has pled sufficient facts to support the allegations in Paragraph 50.

51. Chief Smith denies the allegations in Paragraph 51.

## COUNT IV
### 42 U.S.C. § 1983 – Unlawful Seizure in Violation of the Fourth Amendment – All Defendants

52. Chief Smith incorporates by reference his responses to the allegations in Paragraphs 1 through 51 as set forth fully herein.

53. The allegations in Paragraph 53 constitute conclusions of law to which no response is required. To the extent a response is required, Chief Smith denies that Plaintiff has pled sufficient facts to support the allegations in Paragraph 53.

54. Chief Smith denies the allegations in Paragraph 54.

55. Chief Smith denies the allegations in Paragraph 55.

56. Chief Smith denies the allegations in Paragraph 56.

57. Chief Smith denies the allegations in Paragraph 57.

## COUNT IV
### 42 U.S.C. § 1983 – Bystander Liability – Defendant Smith

58. Chief Smith incorporates by reference his responses to the allegations in Paragraphs 1 through 57 as set forth fully herein.

59. The allegations in Paragraph 59 constitute conclusions of law to which no response is required. To the extent a response is required, Chief Smith denies that Plaintiff has pled sufficient facts to support the allegations in Paragraph 59.

60. The allegations in Paragraph 60 constitute conclusions of law to which no response is required. To the extent a response is required, Chief Smith denies that Plaintiff has pled sufficient facts to support the allegations in Paragraph 60.

61. Chief Smith denies the allegations in Paragraph 61.

62. Chief Smith denies the allegations in Paragraph 62.

63. Chief Smith denies the allegations in Paragraph 63.

64. Chief Smith denies the allegations in Paragraph 64.

65. Chief Smith denies the allegations in Paragraph 65.

66. Chief Smith denies the allegations in Paragraph 66.

### PRAYER FOR RELIEF

Plaintiff's requested relief contains only conclusory assertions of Plaintiff's demands for relief, to which no response is required. To the extent a response is required, Chief Smith expressly denies that he is liable to Plaintiff under any theory or in any amount.

With respect to all allegations not heretofore denied, Chief Smith denies such allegations.

## AFFIRMATIVE DEFENSES AND DEFENSES

Without assuming any burden he would not otherwise bear and reserving the right to assert other defenses in this action proceeding up to and including the time of trial, Chief Smith asserts the following separate and additional defenses:

### FIRST AFFIRMATIVE DEFENSE

Chief Smith raises the affirmative defense of sovereign immunity.

### SECOND AFFIRMATIVE DEFENSE

Chief Smith raises the affirmative defense of qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

Chief Smith's actions were privileged.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the illegality of her conduct.

### FIRST DEFENSE

Chief Smith denies all allegations of misconduct alleged against him in the First Amended Complaint and states that the allegations are meritless and without basis in fact. All allegations not specifically admitted are hereby denied.

### SECOND DEFENSE

Chief Smith at all relevant times complied with all applicable federal, state, and/or other regulations, laws and standards.

### THIRD DEFENSE

The business of Chief Smith, as the Chief of Police, was in the public interest, convenience, and necessity, and Chief Smith operated and conducted his business in a reasonable manner in compliance with the law.

**FOURTH DEFENSE**

Plaintiff was cognizant and aware of all the facts, circumstances and conditions existing and consented to, permitted, acquiesced, actively encouraged and/or voluntarily assumed the risk therefrom and attendant thereto.

**FIFTH DEFENSE**

Chief Smith denies that Plaintiff suffered any losses or damages, in any event, any losses or damages sustained by the Plaintiff were *de minimis*, remote, speculative and/or transient and hence, are not cognizable as a matter of law.

Chief Smith gives notice that he intends to rely upon any other defenses that may become available or apparent during the discovery proceedings and reserves his right to amend this Answer and to assert any such defenses. Chief Smith reserves the right to amend his affirmative defenses as Plaintiff's claims are more developed through discovery.

Respectfully submitted,

By:    /s/ *Steven D. Brown*
Steven D. Brown (VSB No. 42511)
Lindsey A. Strachan (VSB No. 84506)
IslerDare P.C.
1111 East Main Street, Suite 1605
Richmond, Virginia 23219
Telephone: (804) 380-8983
Facsimile: (804) 234-8234
sbrown@islerdare.com
lstrachan@islerdare.com
*Counsel for Defendant William Smith*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 21st day of December 2020, a true and accurate copy of the foregoing Answer, Affirmative Defenses, and Defenses to Plaintiff's First Amended Complaint has been filed with the Clerk of Court using the Court's CM/ECF filing system, which will then send notification of such filing (NEF) to the following:

Geoffrey R. McDonald, Esq.
Theodore W. Briscoe III, Esq.
Geoff McDonald & Associates, P.C.
8720 Stony Point Parkway, Suite 250
Richmond, Virginia 23235
Telephone: (804) 888-8888
Facsimile: (804) 359-5426
gmcdonald@mcdonaldinjurylaw.com
tbriscoe@mcdonaldinjurylaw.com
*Counsel for Plaintiff Maurer*

Mark D. Dix, Esq.
Seth R. Carroll, Esq.
Conner Bleakley, Esq.
Commonwealth Law Group, PLLC
3311 West Broad Street
Richmond, Virginia 23230
Telephone: (804) 999-9999
Facsimile: (866) 238-6415
mdix@hurtinva.com
scarroll@hurtinva.com
cbleakley@hurtinva.com

Jonathan E. Halperin, Esq.
Andrew Lucchetti, Esq.
Isaac A. McBeth, Esq.
Huyen Thanh Vu, Esq.
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, Virginia 23059
Telephone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
andrew@hlc.law
isaac@hlc.law
*Counsel for Plaintiff Canning*

Richard E. Hill, Jr., Esq.
Office of the City Attorney
900 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 646-7946
Facsimile: (804) 646-7939
Richard.e.hill@richmondgov.com
*Counsel for the City of Richmond*

Erin R. McNeill, Esq.
Blaire H. O'Brien, Esq.
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 747-5200
Facsimile: (804) 747-6085
emcneill@oag.state.va.us
bo'brien@oag.state.va.us
*Counsel for Gary Settle*

Thomas Hunt Roberts, Esq.
Andrew Thomas Bodoh, Esq.
Thomas H. Roberts & Associates, PC
105 South First Street, Suite A
Richmond, Virginia 23219
Telephone: (804) 783-2000
Facsimile: (804) 783-2105
tom.roberts@robertslaw.org
andrew.bodoh@robertslaw.org
*Counsel for Consolidated Plaintiffs*

By:     /s/ *Steven D. Brown*
Steven D. Brown (VSB No. 42511)
Lindsey A. Strachan (VSB No. 84506)
ISLERDARE P.C.
1111 East Main Street, Suite 1605
Richmond, Virginia 23219
Telephone: (804) 489-5500
Facsimile: (804) 234-8234
Email: sbrown@islerdare.com
Email: lstrachan@islerdare.com
*Counsel for Defendant William Smith*