IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KYRA CANNING,<br>    Plaintiff, | |
| v.<br>WILLIAM SMITH, *et al.*,<br>    Defendants. | Civil Action No.: 3:20-cv-401 |
| JARROD BLACKWOOD, *et al.*, individually and on behalf of a class of similarly situated individuals,<br>    Consolidated Plaintiffs, | |
| v.<br>JOHN/JANE DOES, I-X,<br>    Consolidated Defendants. | [Previously Civil Action No.: 3:20-cv-444] |
| MARIA LOURDES MAURER,<br>    Plaintiff, | |
| v.<br>CITY OF RICHMOND, et al.,<br>    Defendants. | Civil Action No.: 3:20-cv-668 |
| NATHAN ARRIES,<br>    Plaintiff, | |
| v.<br>CITY OF RICHMOND, et al.,<br>    Defendants. | Civil Action No.: 3:21-cv-85 |

### ***BLACKWOOD* PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO AMEND PRIOR DISCOVERY ORDERS**

Comes now the Blackwood Plaintiffs, by counsel, and in reply in support of its motion to amend previous discovery orders, states as follows.

1

In its response to this motion, the City chooses to delay, obfuscate, and obstruct. This, it seems, is the City's best defense to the gross misconduct of its police force. For instance, the City's response complains that the Blackwood Plaintiffs are proceeding against John Does (**Case 3:20-cv-401 ECF Doc. 70 at 9 n.5**), but it likewise refuses to provide sufficient information so appropriate defendants can be named. It claims the Rule 30(b)(6) deposition of the City would be too burdensome to the City (**Case 3:20-cv-401 ECF Doc. 70 at 10**), but it also gripes that the entire lawsuit should be against the City (**Case 3:20-cv-401 ECF Doc. 70 at 3**). The City insists the Plaintiffs need the Court's permission to name the defendants, but objects that lifting confidentiality is premature because the Court has permitted the Plaintiffs to name the defendants (**Case 3:20-cv-401 ECF Doc. 70 at 9**). This capricious, irrational, and circular reasoning demonstrates the bad faith of the City and the need for Court action. The City is no longer acting reasonably.

The record and the facts recited by the City support the Plaintiffs' position. Promptly after filing this John Doe suit, the Blackwood Plaintiffs sought permission to issue a subpoena *duces tecum* for (1) camara footage; (2) written or recorded documentation, including CAD reports, call logs, use of force reports, incident reports, officer narratives, PD-35s, PD-75s, after action reports; (3) written or recorded phone, radio and text communications; (4) records related to the discharge of weapons; (5) such other information that demonstrates the identity of the officers involved. **Case 3:20-cv-444 ECF Doc. 3.** The City responded by agreeing that the plaintiffs would eventually issue subpoena *duces tecum*. **Case 3:20-cv-401 ECF Doc. 8 ¶ 4.** A subsequent order authorized the plaintiffs to access officer names and badge numbers, but provided that the "parties shall keep the list and the identities of the officers on the list confidential and shall not disclose the identities of the officers without first obtaining leave of the

2

Court." **Case 3:20-cv-401 ECF Doc. 16.** The parties later negotiated a discovery plan. During those negotiations, the City refused to provide some of the information requested by the Plaintiff, such as officer narratives, indicating the dispute would have to be resolved with the special master. **Case 3:20-cv-401 ECF Doc. 70-1 at 2**. On November 23, 2020, the parties submitted an agreed discovery plan, in which the City agreed to a Rule 30(b)(6) deposition, if necessary. **Case 3:20-cv-401 ECF Doc. 58.** The City agreed it would relinquish body camera recordings, CAD reports, and radio, telephone, and other audio recordings "together with any available information to identify the source of recording and the officers referenced in the recordings (e.g., identification numbers used in recording)." This plan contemplated the use of a discovery master to resolve disputes concerning additional documents and a protective order, but to date, no discovery master has been appointed. It provided for ninety days of informal discovery to identify appropriate defendants, followed by an automatic thirty-day stay for settlement purposes, followed by additional discovery. The plan was approved on December 10, 2020. **Case 3:20-cv-401 ECF Doc. 61.** Thus, the automatic stay was to run from March 11, 2021 to April 9, 2021. The City, however, postponed delivery of its agreed discovery materials until the end of Phase I of discovery. It did not provide the complete body camera footage until March 2, 2021—ninety-nine days after submitting the agreed discovery plan. **Case 3:20-cv-401 ECF Doc. 70-2.** It provided radio traffic recordings on March 8, and the CAD reports on March 10. **Case 3:20-cv-401 ECF Doc. 70-3 to -5**. It did not provide the any information for deciphering the radio communications until April 6. **Case 3:20-cv-401 ECF Doc. 70-6.**

On April 6, four days before Phase II discovery was to begin, the Blackwood Plaintiffs advised the City that a Rule 30(b)(6) deposition, a subpoena *duces tecum*, and release of confidentiality would be necessary. The City's response deliberately evaded these issues.

3

Counsel for the Blackwood Plaintiffs pressed for a response, saying, "Please address whether, and to what extent, you are agreeable to the particular steps I referenced in my email this morning." The City chose not to respond. **Case 3:20-cv-401 ECF Doc. 70-6.** This motion follows.

There is good cause to order a Rule 30(b)(6) deposition of the City concerning the identity of officers and their individual actions at Lee Monument on June 1, 2020. The Discovery Plan—which all parties agreed to—expressly contemplates a Rule 30(b)(6) deposition, if there is a need for further identifying information. The deposition is an orderly way of obtaining the required information about *who* did *what* that may give rise to individual liability. As the email of November 16, 2020, states, "the goal [of the Blackwood Plaintiffs] is to have the right claims against the right people, and this will mean we need to know the conduct of officers at an individual level." **Case 3:20-cv-401 ECF Doc. 70-2 at 1**. It would be unjust and injudicious to sue seventy-one officers that the City says were "involved" and only then try to sort out who is actually liable. It seems, though, the City wants the plaintiffs to do that, so they can cry foul in a Rule 12(b)(6) motions, further delaying the process. *Cf.* **Case 3:20-cv-401 ECF Doc. 70 at 3** ("The problem with Consolidated Plaintiffs' Motion is that they already know the identities of the police officers that were 'involved' in the incident giving rise to their Complaint on June 1, 2020"). *But see* **Case 3:20-cv-401 ECF Doc. 43** (challenging the allegations of involvement by former chief Will Smith in the Canning amended complaint as "too speculative").

The Blackwood Plaintiffs made the City aware of the need for the deposition near the close of the automatic thirty-day stay for settlement discussions—that is, shortly before the opening of Phase II of discovery. **Case 3:20-cv-401 ECF Doc. 70-6.** After all, according to the discovery plan, Phase II discovery includes the matters involved in Phase I—the identity of the

officers. **Case 3:20-cv-401 ECF Doc. 58.** The City's response was nonresponsive. It instead provided an anachronistic list of *all* sworn Police Department personnel and suggested that the plaintiffs make do with that.[1] **Case 3:20-cv-401 ECF Doc. 70-6 at 1-2**. The Blackwood Plaintiffs immediately advised that the information was inadequate, asking the City to "address whether, and to what extent, you are agreeable to the particular steps I referenced in my email this morning." The City ignored the communication. It didn't respond at all. **Case 3:20-cv-401 ECF Doc. 70-6 at 1**. Even after this motion was filed, the City waited until a few days before its response was due to follow up, on April 22. **Case 3:20-cv-401 ECF Doc. 70 at 7**. In all of this, the City has demonstrated a commitment to its plan to delay, obfuscate, and obstruct. A Rule 30(b)(6) deposition of the City concerning the identity of officers and their individual actions at Lee Monument on June 1, 2020 is therefore appropriate to allow the Blackwood Plaintiffs to name the appropriate defendants.

The City objects that the Blackwood Plaintiffs have not "propose[d] any meaningful constrains on" a Rule 30(b)(6) deposition. **Case 3:20-cv-401 ECF Doc. 70 at 9.** That is false. The email of April 6 states, "[W]e will need further discovery to identify the appropriate defendants. . . . On behalf of the Blackwood plaintiffs, we therefore require a limited Rule 30(b)(6) deposition, which was expressly contemplated within the discovery plan." **Case 3:20-cv-401 ECF Doc. 70-6 at 3.** The discovery plan says, "If the Parties' informal discovery responses are not sufficient to identify the appropriate defendants . . . any Party may petition the Discovery Special Master for permission, upon a showing of good cause, to take a limited Rule

---

[1] As discussed below, the list was not accurate to June 1, 2020. Officers that City previously identified as "involved" in the incident of June 1 were omitted from the list of sworn personnel, and some officers' ranks had obviously changed as compared to the footage of the incident. We know the list is therefore unreliable, but we do not know the full degree of its inaccuracies.

30(6)(6) deposition." **Case 3:20-cv-401 ECF Doc. 58 at 10.** The Blackwood Plaintiffs fully intend to notify the City of the particular matters for examination "[i]n its notice or subpoena," as required by the federal rules. *See* Fed. R. Civ. Pro. Rule 30(b)(6). But we are not at that point. Moreover, all of these concerns (if they were real) should have been raised when the Blackwood Plaintiffs asked the City to "address whether, and to what extent, you are agreeable to the particular steps I referenced in my email this morning," including the deposition. **Case 3:20-cv-401 ECF Doc. 70-6 at 1.** The City was silent. Its assertions now are nothing but an attempt to delay, obfuscate, and obstruct.

There is likewise good cause to order a subpoena *duces tecum* for existing documents related to the June 1, 2020 events at Lee Monument. This subpoena was contemplated from the first days of this case, when it seemed the City cared about doing what was right for the people of this community. **Case 3:20-cv-444 ECF Doc. 3.** The City agreed, as part of the initial discovery order, that a subpoena *duces tecum* would eventually issue, so the Plaintiffs could access the information they needed. **Case 3:20-cv-401 ECF Doc. 8 ¶ 4.** Now they choose to forget that fact.

The City is duplicitous in asserting that the plaintiffs need no further information because they have the names of 71 individuals that were "involved." **Case 3:20-cv-401 ECF Doc. 70 at 3.** This is not an argument made in good faith. When plaintiff Canning named one of those "involved" officers as a defendant in an amended complaint, the officer's attorneys filed a Rule 12(b)(6) motion claiming the allegations in the amended complaint of his involvement were too speculative. **Case 3:20-cv-401 ECF Doc. 43.** This will happen again, if the City has its way. It is clear that some officers identified by the City as "involved" are likely not liable—such as the SWAT team—but the City has not provided adequate information to identify the names of these

innocent officers. They are willfully exposing these innocent officers to the trouble of a lawsuit by obstructing access to material and discoverable information, merely to delay the process.

The City claims there is no good cause for a subpoena *duces tecum* because "the City is willing to provide specific, additional information upon request." **Case 3:20-cv-401 ECF Doc. 70 at 8.** The City's conduct contradicts this assertion. On April 6, the Blackwood Plaintiffs advised the City of its need for more information, like the officer narratives and the use of force reports. They asked the City to "address whether, and to what extent, you are agreeable to the particular steps I referenced in my email this morning." **Case 3:20-cv-401 ECF Doc. 70-6.** The City ignored the request and has not provided the information. The City's gilded promises to provide information upon request are merely an attempt to forestall Court intervention, so the City can continue to decide on its own what information the plaintiffs get.

The City claims that it has "already provided the information listed in . . . Consolidated Plaintiffs' Motion for Leave to Pursue Discovery," pointing to "body camera footage, radio traffic, and CAD reports." Even a cursory review of that motion shows the City is not being forthright. The Plaintiffs plainly requested more information than that. **Case 3:20-cv-444 ECF Doc. 3.** And the City then agreed a subpoena *duces tecum* would eventually issue. **Case 3:20-cv-401 ECF Doc. 8 ¶ 4.** The City pretends that "Consolidated Plaintiffs do not make clear *what* information, specifically, they want the City to identify for them." **Case 3:20-cv-401 ECF Doc. 70 at 9.** This is willful blindness. *See* **Case 3:20-cv-444 ECF Doc. 3; Case 3:20-cv-401 ECF Doc. 70-1 at 3.** The City merely pretends to be in the dark to delay, obfuscate, and obstruct. And the Blackwood Plaintiffs don't need the City to "identify" any particular information. The Blackwood Plaintiffs will be asking for specific categories of documents and will do the work of analyzing these materials on their own.

The City claims that providing discoverable information through a subpoena *duces tecum* would amount to having the City prove the plaintiffs' case. Ironically, the City suggests instead that the Blackwood Plaintiffs should submit pictures to the City, and the City will identify any officers on request. **Case 3:20-cv-401 ECF Doc. 70 at 9 n.4.** In other words, in the City's topsy-turvy worldview, producing existing, relevant documents pursuant to a subpoena *duces tecum* means the City is "proving the plaintiff's case," but collaborating with the plaintiffs to create new information by responding to informal photo-based interrogatories is not. That is absurd. The Blackwood Plaintiffs do not need the City's assistance in proving the liability of the City's officers. They merely need the Court's permission to order a production of the relevant and discoverable records in the City's possession, according to a well-established discovery process.

The City claims the Blackwood Plaintiffs "were not willing" to provide pictures pinpointing the officers they wanted identified. **Case 3:20-cv-401 ECF Doc. 70 at 9 n.4.** This is false. Counsel for the Blackwood Plaintiffs made it clear on the August 22 call that this proposal *standing alone* was insufficient, not that it was wholly unacceptable as part of a broader, negotiated strategy for identifying appropriate defendants. The City has not followed up on that conversation. The Blackwood Plaintiffs, however, do have concerns about the reliability of the statements of the City. After all, as the City points out, the City will be potentially footing the bill for the officers' unconstitutional conduct. **Case 3:20-cv-401 ECF Doc. 70 at 3.** And the City has already provided unreliable information.

In particular, the City claims it provided a list of identifying codes so that relevant officers can be identified in the radio traffic. **Case 3:20-cv-401 ECF Doc. 70 at 6-7.** This is misleading. First, the email that provided this document accurately describes it as "a list of all sworn RPD personnel that I requested, along with their code numbers. . . . *[I]t is comprehensive*

8

***to the entire Department and not limited just to those officers who were present on one of the relevant days***.” **Case 3:20-cv-401 ECF Doc. 70-6 (emphasis added).** Second, the list provided was not accurate to the events of June 1. At least four officers, including former Chief Will Smith, do not appear on the list provided, presumably because they are no longer employed with the department at the time the City created the list. Additionally, at least one key officer had a different rank on June 1. In other words, the information provided is not reliable for the events of June 1—the only date relevant to this case. Third, the officers on the radio traffic did not communicate on June 1 using the code numbers provided on the list, and the City knows this. Instead, the officers were often addressed by nicknames like "Command" and "Lieutenant." The information provided is insufficient to decipher these nicknames, or who the speakers were. Thus, despite the City's promise in the discovery plan to provide radio, telephone, and other audio recordings "together with any available information to identify the source of recording and the officers referenced in the recordings (e.g., identification numbers used in recording)," **Case 3:20-cv-401 ECF Doc. 58**, the City provided unreliable and useless information after undue delay.

Notably, these additional records were not *excluded* from Phase I discovery. The parties disagreed about accessing these records, and all the parties expected to have a discovery master appointed who could work out the disagreement. **Case 3:20-cv-401 ECF Doc. 70-1 at 2.** As Phase II of discovery approached, and the need for this information was apparent, the Blackwood Plaintiffs invited the City to discuss access to these records, only to be rebuffed by the City through determined silence. **Case 3:20-cv-401 ECF Doc. 70-6.** There is thus good cause to allow this subpoena *duces tecum* to obtain the records, as contemplated from the beginning of this case.

There is also good cause to lift the restraints of confidentiality in this case. This case cannot proceed without naming names. This case cannot proceed without using the evidence the City has provided, which identifies some of the officers involved. Similarly situated plaintiffs cannot bring their cases without access to this information, and it would be contrary to judicial economy to make them jump through the City's hoops. This case, and the cases of everyone else affected by the officers' misconduct on June 1, should proceed without further delay, and that requires confidentiality to be lifted.[2]

Confidentiality was imposed by the Court on a temporary basis, in the order compelling the City to identify the officers involved at Lee Monument. **Case 3:20-cv-401 ECF Doc. 16.** At that point, confidentiality was reasonable, given the possibility of pending criminal charges. Criminal charges never materialized. The Blackwood Plaintiffs then agreed to continue the confidentiality in the Discovery Plan in the express expectation that a discovery master would be appointed to work out the details of a protective order. **Case 3:20-cv-401 ECF Doc. 58 at 3.** No discovery master has been appointed, leaving it up to the Court to decide the matter. It is now time to remove the shield of confidentiality and allowed this case, and similarly situated cases, to proceed in the light of day. The Blackwood Plaintiffs broached this topic with the City, and the City refused to discuss it. **Case 3:20-cv-401 ECF Doc. 70-6.** There is, therefore, good cause to grant the relief requested.

The City objects that lifting confidentiality is premature, because the plaintiffs have not sought to file an amended pleading. **Case 3:20-cv-401 ECF Doc. 70 at 10.** To be clear, the Blackwood Plaintiffs *want* to file an amended pleading. They are prepared to name several of the

---

[2] For the standards that apply in determining whether confidentiality of party names is appropriate, in light of the longstanding, common law presumption of openness in Court actions, see **Case 3:20-cv-401 ECF Doc. 31 at 3-4.**

individual officers that are liable. They do not intend to name, as defendants, officers that are not liable. They may be compelled at this point, however, to still include John Doe defendants, because there are unidentified officers seen and heard that would be liable, and there are other officers (known and unknown) whose liability remains in question. Further, there are unidentified officers who likely will not be liable—such as the SWAT team.

The City cries that relief should be denied because the parties are involved in global settlement discussions. **Case 3:20-cv-401 ECF Doc. 70 at 2-3, 7.** Perhaps the Court may see in this motion a sign of how the settlement efforts are proceeding. The discovery plan included a thirty-day automatic stay of discovery for settlement efforts. If the City has used that thirty-day stay to delay, obfuscate, and obstruct, rather than to make meaningful attempts to settle, it should not pout when the stay expires and discovery resumes.

Finally, as to the insinuation that the Blackwood Plaintiffs are acting inappropriately or unreasonably in pursuing individual defendants, rather than the City (**Case 3:20-cv-401 ECF Doc. 70 at 3-4**), the Blackwood Plaintiffs have been clear from the beginning that they will pursue the City when they have reliable evidence that the City is liable. Perhaps that is the reason for the City's delay, obfuscation, and obstruction. But even then, the Blackwood Plaintiffs will continue to pursue the individual culprits as well—each and every one of them, on theories of direct liability, supervisory liability, and bystander liability, as the case may be. But if the City wishes to concede that this attack on innocent protesters was part of a City pattern or practice, the Blackwood Plaintiffs are willing to add the City as a defendant immediately.

Wherefore, the Consolidated Plaintiffs respectfully request the Court to modify the orders of June 26, 2020, July 6, 2020, and December 10, 2020, related to discovery, and such further and additional relief as may be appropriate.

                    **Respectfully submitted,**

                    **Plaintiffs Jarrod Blackwood, Megan Blackwood, Ryan Tagg, Christopher Gayler, and Keenan Angel, by counsel, each individually and on behalf of a class of similarly situated persons**

                    By: /s/ Andrew T. Bodoh_____
                                Counsel

                    Thomas H. Roberts, Esq. VSB # 26014
                    tom.roberts@robertslaw.org
                    Andrew T. Bodoh, Esq. VSB # 80143
                    andrew.bodoh@robertslaw.org
                    Thomas H. Roberts & Associates, P.C.
                    105 South 1st Street
                    Richmond, VA 23219
                    (804) 783-2000 (telephone)
                    (804) 783-2105 (facsimile)
                    *Counsel for Consolidated Plaintiffs Jarrod Blackwood, Megan Blackwood, Ryan Tagg, Christopher Gayler, and Keenan Angel, by counsel, each individually and on behalf of a class of similarly situated persons*

## CERTIFICATE OF SERVICE

       I hereby certify that on the April 27, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send an electronic notification to all counsel of record who have appeared in this matter, including the following:

Steven D. Brown (VSB No. 42511)
IslerDare, PC
411 East Franklin Street, Suite 203
Richmond, Virginia 23219
Phone: (804) 489-5500
Facsimile: (804) 234-8234
sbrown@islerdare.com
*Counsel for William Smith*

Seth R. Carroll, Esquire
Connor Bleakley, Esquire

Commonwealth Law Group
3311 West Broad Street
Richmond, Virginia 23230
Telephone: (804) 999-9999
Facsimile: (866) 238-6415
Email: scarroll@hurtinva.com
*Counsel for Plaintiff Kyra Canning*

Jonathan E. Halperin, Esquire
Halperin Law Center
52525 Hickory Park Drive, Suite B

Glen Allen, Virginia 23059
Telephone: (804) 57-0100
Facsimile: (804) 597-0209
Email: jonathan@hlc.law
*Counsel for Plaintiff Kyra Canning*

Tim Schulte (VSB #41881)
Blackwell N. Shelley, Jr. (VSB #28142)
Shelley Cupp Schulte, P.C.
3 W. Cary Street
Richmond VA 23220
(804) 644-9700
(804) 278-9634 [fax]
schulte@scs-work.com
shelley@scs-work.com
*Counsel for Plaintiff Nathan Arries*

Theodore Webb Briscoe , III
Geoffrey McDonald & Associates PC
8720 Stony Point Parkway
Suite 250
Richmond, VA 23235
804-888-8888
Fax: 804-359-5426
tbriscoe@mcdonaldinjurylaw.com
*Counsel for Plaintiff Maria Lourdes Maurer*

Mark D. Dix, Esq.
Seth R. Carroll, Esq.
Conner Bleakley, Esq.
Commonwealth Law Group, PLLC
3311 West Broad Street
Richmond, Virginia 23230
Telephone: (804) 999-9999
Facsimile: (866) 238-6415
mdix@hurtinva.com
scarroll@hurtinva.com
cbleakley@hurtinva.com

Jonathan E. Halperin – VSB No. 32698
Andrew Lucchetti – VSB No. 86631
Isaac A. McBeth – VSB No. 82400
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
andrew@hlc.law
isaac@hlc.law

*Counsel for Plaintiff Kyra Canning*

Lindsey Ann Strachan
Steven David Brown
Isler Dare PC
411 East Franklin Street
Suite 203
Richmond, VA 23219
(804) 489-5503
Fax: (804) 234-8234
lstrachan@islerdare.com
sbrown@islerdare.com

*Counsel for Defendant Smith*
Richard Earl Hill , Jr.
Office of the City Attorney (Richmond)
900 E Broad St
Room 400 City Hall
Richmond, VA 23219
(804) 646-7946
Fax: (804) 646-7939
Richard.E.Hill@richmondgov.com
*Counsel for Defendant City of Richmond*

Erin R. McNeill, Esq.
Blaire H. O'Brien, Esq.
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 747-5200
Facsimile: (804) 747-6085
emcneill@oag.state.va.us
bo'brien@oag.state.va.us

*Counsel for Gary Settle*

13

By: /s/ Andrew T. Bodoh
Counsel

Thomas H. Roberts, Esq. VSB # 26014
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. VSB # 80143
andrew.bodoh@robertslaw.org
Thomas H. Roberts & Associates, P.C.
105 South 1st Street
Richmond, VA 23219
(804) 783-2000 (telephone)
(804) 783-2105 (facsimile)
*Counsel for Consolidated Plaintiffs Jarrod Blackwood, Megan Blackwood, Ryan Tagg, Christopher Gayler, and Keenan Angel, by counsel, each individually and on behalf of a class of similarly situated persons*