IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KYRA CANNING,
   Plaintiff,

v.                                                                                   Civil Action No.: 3:20-cv-401

WILLIAM SMITH, *et al*.,
   Defendants.

_____

JARROD BLACKWOOD, *et al*., individually
and on behalf of a class of similarly situated
individuals,
   Consolidated Plaintiffs,

v.                                                                                   [Previously Civil Action No.: 3:20-cv-444]

JOHN/JANE DOES, I-X,
   Consolidated Defendants.

## *BLACKWOOD* PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR A MODIFICATION OF THE PROTECTIVE ORDERS

*See* ECF DOCs. 16 and 61 (incorporating ECF Doc. 58 by reference).

Comes now the *Blackwood v. Doe* plaintiffs, by counsel, and for their brief in support to

of their motion to modify the protective orders entered in this case at ECF Doc. 16 and 61

(incorporating ECF Doc. 58 by reference), so that the protective orders shall expire effective on

July 1, 2022, as to the *Blackwood* plaintiffs, state as follows.

### I.    Procedural History

The cases consolidated under 3:20-cv-401 concern the dispersal of a peaceful assembly

by members of the Richmond Police Department on June 1, 2020, at Lee Circle, in Richmond,

Virginia. The complaint of the *Blackwood* plaintiffs was filed on June 16, 2021. **Case 3:20-cv-**

**444 ECF Doc. 1.** It was filed against unknown individual officers of the Richmond Police

Department.

In an order entered on July 6, 2020 (**Case 3:20-cv-401 ECF Doc. 16**), the Court

permitted a pre-service Fed. R. Civ. Pro. 45 subpoena to obtain the names and badge numbers of

the officers involved in the subject incident, or alternatively the City could provide a "complete

list of names and badge numbers of the officers who were involved and/or present during the

events that gave rise to the Complaint." This Order provided that the parties "shall keep the list

and the identities on the list confidential and shall not disclose the identities of the officers

without first obtaining leave of the Court." **Case 3:20-cv-401 ECF Doc. 16 at 2.** The City

subsequently produced a list of seventy-one names. *See* **Case 3:20-cv-401 ECF Doc. 23.**

On October 27, 2020, the Court ordered the parties to generate a discovery plan. **Case**

**3:20-cv-401 ECF Doc. 47.** The agreed discovery plan (**Case 3:20-cv-401 ECF Doc. 58)**

proposed phased discovery. The agreed plan listed several particular categories of information

that the parties agreed to exchange in Phase I at to the June 1 incident. **Case 3:20-cv-401 ECF**

**Doc. 58 at 3-5**. It contemplated the appointment of a discovery special master, and stated:

> The Parties will work with the Special Master to formulate an appropriate
> litigation protective order. Until the protective order is entered, the Parties agree
> that all discovery will be conducted confidentially, and that the terms of the Order
> entered in *Canning v. Smith et al.*, 03-20-cv-401, ECF No. 16 with respect to the
> identity of all officers remains in full force and effect unless modified. Once a
> protective order is entered, the Parties expect that all further discovery will be
> done pursuant to that protective order.

The Court entered an order on December 10, 2020, approving of the joint discovery plan. **Case**

**3:20-cv-401 ECF Doc. 61.**

The *Blackwood* plaintiffs have now reached a settlement of their claims with the City and

the City's agents. The parties have agreed that the protective orders should expire effective July

1, 2022, and agreed to join in a motion requesting the Court to modify the protective orders

accordingly.

II.     **Law and Analysis**

Protective orders are intended "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c)(1). Ordinarily,

a protective order is no more than a stopgap measure. *In re Grand Jury Subpoena (Under Seal)*,

836 F.2d 1468, 1476 (4th Cir. 1988). A protective order may be modified under Rule 26 for

sufficient cause. *Id.*

The Court implemented a protective order in this case precisely as a stopgap measure. In

the chaotic summer of 2020, the Court wanted to allow the plaintiffs access to information

identifying potential defendants but to control the dissemination of that information. ECF Doc.

16. It was a reasonable measure to protect officers and the City from "annoyance,

embarrassment, [and] oppression." Fed. R. Civ. Pro. 26(c). As is clear from the discovery plan,

ECF Docs. 58, the parties expected the existing protective order to be replaced with a more

carefully negotiated protective order. As this did not happen, *but see* ECF Docs. 67-68, 74-75

(requesting a modification), the obligations concerning the protective order were addressed as

part of the settlement terms. In this case concerning the free speech rights of the Plaintiffs, the

parties agreed the protective order should expire effective July 1, 2022. This represents the

efforts of the parties to "resolve the dispute," *see* Fed. R. Civ. Pro. 26(c)(1), and the Court should

therefore find sufficient cause exists to modify the protective order, so that the protective orders

shall expire effective on July 1, 2022, as to the *Blackwood* plaintiffs.

Wherefore, the *Blackwood* plaintiffs respectfully request this Court to modify the

protective orders entered in this case at ECF Doc. 16 and 61 (incorporating ECF Doc. 58 by

reference), so that the protective orders shall expire effective on July 1, 2022, as to the

*Blackwood* plaintiffs.

**Respectfully submitted,**

**Plaintiffs Jarrod Blackwood, Megan Blackwood, Ryan Tagg, Christopher Gayler, and Keenan Angel, by counsel**

By: /s/ Thomas H. Roberts
                    Counsel

Thomas H. Roberts, Esq. VSB # 26014
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. VSB # 80143
andrew.bodoh@robertslaw.org
Thomas H. Roberts & Associates, P.C.
105 South 1st Street
Richmond, VA 23219
(804) 783-2000 (telephone)
(804) 783-2105 (facsimile)
*Counsel for Consolidated Plaintiffs Jarrod*
*Blackwood, Megan Blackwood, Ryan Tagg,*
*Christopher Gayler, and Keenan Angel, by counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on the February 10, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send an electronic notification to all counsel of record who have appeared in this matter, including the following:

Seth R. Carroll, Esquire
Connor Bleakley, Esquire
Mark Dennis Dix
Commonwealth Law Group
3311 West Broad Street
Richmond, Virginia 23230
Telephone: (804) 999-9999
Facsimile: (866) 238-6415
mdix@hurtinva.com
scarroll@hurtinva.com
cbleakley@hurtinva.com
*Counsel for Plaintiff Kyra Canning*

Jonathan E. Halperin, Esquire
Halperin Law Center
52525 Hickory Park Drive, Suite B
Glen Allen, Virginia 23059
Telephone: (804) 57-0100
Facsimile: (804) 597-0209
Email: jonathan@hlc.law
*Counsel for Plaintiff Kyra Canning*

Lindsey Ann Strachan
Steven David Brown
Isler Dare PC
411 East Franklin Street
Suite 203
Richmond, VA 23219
(804) 489-5503
Fax: (804) 234-8234
lstrachan@islerdare.com
sbrown@islerdare.com
*Counsel for Defendant Smith*

Additionally, this has been emailed to:

Wirt P. Marks (VSB# 36770)
Senior Assistant City Attorney
900 East Broad Street, Room 400
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Email: Wirt.Marks@Richmondgov.com
*Counsel for Defendant City of Richmond*

Erin R. McNeill, Esq.
Blaire H. O'Brien, Esq.
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 747-5200
Facsimile: (804) 747-6085
emcneill@oag.state.va.us
bo'brien@oag.state.va.us
*Counsel for Gary Settle*

Theodore Webb Briscoe , III
Geoffrey McDonald & Associates PC
8720 Stony Point Parkway
Suite 250

Richmond, VA 23235
804-888-8888
Fax: 804-359-5426
tbriscoe@mcdonaldinjurylaw.com
*Counsel for Plaintiff Maria Lourdes Maurer*

By:_/s/ Thomas H. Roberts_____
        Counsel

Thomas H. Roberts, Esq. VSB # 26014
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. VSB # 80143
andrew.bodoh@robertslaw.org
Thomas H. Roberts & Associates, P.C.
105 South 1st Street
Richmond, VA 23219
(804) 783-2000 (telephone)
(804) 783-2105 (facsimile)
*Counsel for Consolidated Plaintiffs Jarrod*
*Blackwood, Megan Blackwood, Ryan Tagg,*
*Christopher Gayler, and Keenan Angel*