IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KYRA CANNING,
    Plaintiff,

v.                                 Civil Action No.: 3:20-cv-401

WILLIAM SMITH, *et al*.,
    Defendants.

_____

JARROD BLACKWOOD, *et al*., individually
and on behalf of a class of similarly situated
individuals,
    Consolidated Plaintiffs,

v.                                 [Previously Civil Action No.: 3:20-cv-444]

JOHN/JANE DOES, I-X,
    Consolidated Defendants.

## *BLACKWOOD* PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

       Comes now the *Blackwood v. Doe* plaintiffs, by counsel, and for their brief in support of their motion to dismiss with terms state as follows.

### I.     Procedural History

       The cases consolidated under 3:20-cv-401 (*see* **Case 3:20-cv-444 ECF Doc. 6**) concern the dispersal of a peaceful assembly by members of the Richmond Police Department on June 1, 2020, at Lee Circle, in Richmond, Virginia. The complaint of the *Blackwood* plaintiffs was filed on June 16, 2021. **Case 3:20-cv-444 ECF Doc. 1.** It was filed against unknown individual officers of the Richmond Police Department. It was filed as a putative class action.

       In an order entered on July 6, 2020 (**Case 3:20-cv-401 ECF Doc. 16**), the Court permitted a pre-service subpoena duces tecum Fed. R. Civ. Pro. 45 to obtain the names and badge numbers of the officers involved in the subject incident, or alternatively the City of

Richmond could provide a "complete list of names and badge numbers of the officers who were involved and/or present during the events that gave rise to the Complaint." This Order provided that the parties "shall keep the list and the identities on the list confidential and shall not disclose the identities of the officers without first obtaining leave of the Court." **Case 3:20-cv-401 ECF Doc. 16 at 2.** The City subsequently produced a list of seventy-one names. *See* **Case 3:20-cv-401 ECF Doc. 23.**

On October 27, 2020, the Court ordered the parties to generate a discovery plan. **Case 3:20-cv-401 ECF Doc. 47.** The agreed discovery plan (**Case 3:20-cv-401 ECF Doc. 58**) proposed phased discovery. The agreed plan listed several particular categories of information that the parties agreed to exchange in Phase I at to the June 1 incident. **Case 3:20-cv-401 ECF Doc. 58 at 3-5**. It contemplated the appointment of a discovery special master, and stated:

> The Parties will work with the Special Master to formulate an appropriate litigation protective order. Until the protective order is entered, the Parties agree that all discovery will be conducted confidentially, and that the terms of the Order entered in *Canning v. Smith et al.*, 03-20-cv-401, ECF No. 16 with respect to the identity of all officers remains in full force and effect unless modified. Once a protective order is entered, the Parties expect that all further discovery will be done pursuant to that protective order.

The Court entered an order on December 10, 2020, approving of the joint discovery plan. **Case 3:20-cv-401 ECF Doc. 61.**

Meanwhile, by agreement of the parties, including the City of Richmond (**Case 3:20-cv-401 ECF Doc. 50**), the Court appointed Mark Rubin to serve as a settlement special master. **Case 3:20-cv-401 ECF Doc. 56.**

After the close of Phase I discovery, the *Blackwood* plaintiffs filed a motion to lift the restriction on keeping the identity of the officers confidential (**Case 3:20-cv-401 ECF Doc. 67-68**) and subsequently a motion to amend the complaint, so as to identify officers, add the City as

a defendant, and terminate the putative class action component of the case. **Case 3:20-cv-401 ECF Doc. 74-75.**

The *Blackwood* plaintiffs have now reached a settlement of their claims with the City, releasing the City and its officers. The parties have agreed that the protective orders should expire as to the *Blackwood* plaintiffs effective July 1, 2022. They have further agreed to a dismissal with prejudice the Court retaining jurisdiction of the case to enforce the terms of the settlement agreement.

## II.   Law and Analysis

Fed. R. Civ. Pro. 41(a)(2) provides that an action may be dismissed at the plaintiff's request on terms the Court considers proper. The plaintiff seeks a dismissal with terms, pursuant to a settlement reached with the City disposing of these claims. Those terms include a dismissal with prejudice, subject to the Court retaining jurisdiction of the case to enforce the terms of the settlement agreement (*see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82, 114 S. Ct. 1673, 1677 (1994), and a modification of the protective orders (ECF Doc. 16 and 61 (incorporating ECF Doc. 58 by reference)) so that they should expire as to the *Blackwood* plaintiffs effective July 1, 2022.

*Kokkonen*, 511 U.S. at 381-82, 114 S. Ct. at 1677 provides that a dismissal under Fed. R. Civ. Pro. 41(a)(2) can be on the terms that the Court retains jurisdiction to enforce the settlement. As such, the Plaintiffs—with the City's consent—request the dismissal with prejudice to be subject to the Court retaining jurisdiction to enforce the settlement.

Protective orders are intended "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c)(1). Ordinarily, a protective order is no more than a stopgap measure. *In re Grand Jury Subpoena (Under Seal)*,

836 F.2d 1468, 1476 (4th Cir. 1988). A protective order may be modified under Rule 26 for

sufficient cause. *Id.* The Court implemented a protective order in this case precisely as a stopgap

measure. In the chaotic summer of 2020, the Court wanted to allow the plaintiffs access to

information identifying potential defendants but to control the dissemination of that information.

ECF Doc. 16. It was a reasonable measure to protect officers and the City from "annoyance,

embarrassment, [and] oppression." Fed. R. Civ. Pro. 26(c). As is clear from the discovery plan,

ECF Docs. 58, the parties expected the existing protective order to be replaced with a more

carefully negotiated protective order. As this did not happen, *but see* ECF Docs. 67-68, 74-75

(requesting a modification), the obligations concerning the protective order were addressed as

part of the settlement terms. In this case concerning the free speech rights of the Plaintiffs, the

parties agreed the protective order should expire effective July 1, 2022. This represents the

efforts of the parties to "resolve the dispute," *see* Fed. R. Civ. Pro. 26(c)(1), and the Court should

therefore find sufficient cause exists to modify the protective order, so that the protective orders

shall expire effective on July 1, 2022, as to the *Blackwood* plaintiffs. The *Blackwood* plaintiffs—

with the City's consent—request the dismissal with prejudice to the deemed modification of the

protective orders entered in this case at ECF Doc. 16 and 61 (incorporating ECF Doc. 58 by

reference), so that those orders shall expire as to the *Blackwood* plaintiffs effective on July 1,

2022.

     Wherefore, the *Blackwood* plaintiffs respectfully request this Court to dismiss their

claims with prejudice, pursuant to Fed. R. Civ. Pro. 41(a)(2), on the following terms:

  (a)  The protective orders entered in this case at ECF Doc. 16 and 61 (incorporating ECF

       Doc. 58 by reference), are deemed modified pursuant to Rule 26(c) so that those orders

       shall expire as to the *Blackwood* plaintiffs effective on July 1, 2022.

(b) The Court shall preserve its jurisdiction to enforce the provisions of the settlement

contract between the plaintiff and the City of Richmond, pursuant to *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82, 114 S. Ct. 1673,1677 (1994).

**Respectfully submitted,**

**Plaintiffs Jarrod Blackwood, Megan Blackwood, Ryan Tagg, Christopher Gayler, and Keenan Angel, by counsel**

By: _/s/ Thomas H. Roberts_____
                                    Counsel

Thomas H. Roberts, Esq. VSB # 26014
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. VSB # 80143
andrew.bodoh@robertslaw.org
Thomas H. Roberts & Associates, P.C.
105 South 1st Street
Richmond, VA 23219
(804) 783-2000 (telephone)
(804) 783-2105 (facsimile)
*Counsel for Consolidated Plaintiffs Jarrod*
*Blackwood, Megan Blackwood, Ryan Tagg,*
*Christopher Gayler, and Keenan Angel, by counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on the February 10, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send an electronic notification to all counsel of record who have appeared in this matter, including the following:

Seth R. Carroll, Esquire
Connor Bleakley, Esquire
Mark Dennis Dix
Commonwealth Law Group
3311 West Broad Street
Richmond, Virginia 23230
Telephone: (804) 999-9999
Facsimile: (866) 238-6415
mdix@hurtinva.com
scarroll@hurtinva.com
cbleakley@hurtinva.com

*Counsel for Plaintiff Kyra Canning*

Jonathan E. Halperin, Esquire
Halperin Law Center
52525 Hickory Park Drive, Suite B
Glen Allen, Virginia 23059
Telephone: (804) 57-0100
Facsimile: (804) 597-0209
Email: jonathan@hlc.law
*Counsel for Plaintiff Kyra Canning*

Lindsey Ann Strachan
Steven David Brown
Isler Dare PC
411 East Franklin Street
Suite 203
Richmond, VA 23219
(804) 489-5503
Fax: (804) 234-8234
lstrachan@islerdare.com
sbrown@islerdare.com
*Counsel for Defendant Smith*

Additionally, this has been emailed to:

Wirt P. Marks (VSB# 36770)
Senior Assistant City Attorney
900 East Broad Street, Room 400
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Email: Wirt.Marks@Richmondgov.com
*Counsel for Defendant City of Richmond*

Erin R. McNeill, Esq.
Blaire H. O'Brien, Esq.
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 747-5200
Facsimile: (804) 747-6085
emcneill@oag.state.va.us
bo'brien@oag.state.va.us
*Counsel for Gary Settle*

Theodore Webb Briscoe , III
Geoffrey McDonald & Associates PC

8720 Stony Point Parkway
Suite 250
Richmond, VA 23235
804-888-8888
Fax: 804-359-5426
tbriscoe@mcdonaldinjurylaw.com
*Counsel for Plaintiff Maria Lourdes Maurer*

By:_/s/ Thomas H. Roberts_____
                    Counsel

Thomas H. Roberts, Esq. VSB # 26014
tom.roberts@robertslaw.org
Andrew T. Bodoh, Esq. VSB # 80143
andrew.bodoh@robertslaw.org
Thomas H. Roberts & Associates, P.C.
105 South 1st Street
Richmond, VA 23219
(804) 783-2000 (telephone)
(804) 783-2105 (facsimile)
*Counsel for Consolidated Plaintiffs Jarrod*
*Blackwood, Megan Blackwood, Ryan Tagg,*
*Christopher Gayler, and Keenan Angel*