IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KYRA CANNING,

    Plaintiff,

v.                                                  Lead Civil Action No. 3:20-cv-00401-JAG

WILLIAM SMITH, et al.,

    Defendants.

---

JARROD BLACKWOOD, et al.,
individually and on behalf of a class of
similarly situated individuals,

    Plaintiffs,

v.                                                  Civil Action No.: 3:20-cv-444

JOHN/JANE DOES, I-X,

    Defendants

---

NATHAN ARRIES,

    Plaintiff,

v.                                                  Civil Action No.: 3:21-cv-85

CITY OF RICHMOND, et al.,

    Defendant.

**BRIEF IN SUPPORT OF MOTION TO FILE UNDER SEAL**

COMES NOW the City of Richmond ("the City"), by and through undersigned counsel, and respectfully submits this Brief in Support of its Motion to File Under Seal the Motion to Enforce Settlement Agreement and For Sanctions, the Brief in Support of the Motion to Enforce Settlement and For Sanctions, and the Brief in Opposition to the Motion to Enforce Settlement and For Sanctions:

1.      This matter arises out of several lawsuits against the City of Richmond and local law enforcement officers stemming from the protests at the Robert E. Lee Monument in Richmond Virginia on June 1, 2020.

2.      Kyra Canning filed the instant action against former Richmond Police Chief William Smith and William Blackwell and John Doe RPD officers on June 5, 2020, alleging injuries stemming from the protests at the Robert E. Lee Monument in Richmond, Virginia on June 1, 2020. See Canning Compl., ECF No. 1. On June 16, 2020, Plaintiffs Jarrod Blackwood, Megan Blackwood, Ryan Tagg, Christopher Gayles, and Keenan Angel ("Blackwood Plaintiffs") filed suit against John/Jane Does, I-X alleging injuries from the June 1, 2020 protests. See Blackwood Plaintiffs' Compl., ECF No. 1 (Case No. 3:20-CV-004444-DJN). On June 18, 2020, this Court consolidated the Blackwood Plaintiffs' lawsuit. See Consolidated Plaintiffs' Compl., ECF No. 5. On February 22, 2021, a lawsuit filed by Plaintiff Nathan Arries against the City of Richmond was also consolidated with the Canning and Blackwood lawsuits. See ECF No. 65. Jonathan Arthur of Thomas H. Roberts & Associates, P.C., in his personal capacity, also filed suit for similar claims in the Circuit Court of Richmond, Virginia under CL20-2413.

3.      On November 18, 2020, the Court appointed Mark Rubin as a special master for settlement of all claims related to the June 1, 2020 protests, and the parties were ordered to participate in a settlement conference. All of the plaintiffs except the Blackwood plaintiffs and Arthur settled.

4.      On February 1, 2022 the Blackwood plaintiffs, Arthur, and the City of Richmond reached a settlement to resolve the remaining cases. See Ord., ECF No. 84. The Blackwood plaintiffs and Arthur each endorsed the Release and Settlement Agreement ("Settlement Agreement"). The Settlement Agreement, which was filed under seal, includes a confidentiality

provision requiring, in part, the plaintiffs and their counsel to refrain from discussing the terms of the settlement with any news media outlet.

5. On February 10, 2022, Plaintiffs filed a Motion to Dismiss pursuant to Fed. R. Civ. Pro. 41(a)(2) with the consent of the City. See ECF No. 88. The Motion to Dismiss sought modification of certain protective orders and further sought to preserve the Court's jurisdiction to enforce the Settlement Agreement. Id.

6. The Brief in Support of the Motion to Dismiss recognized that the parties agreed to a protective order to maintain the confidentiality of the identities of specific Richmond Police Department officers [ECF No. 16] and asked that the protective order remain in place until July 1, 2022. See ECF No. 89.

7. On February 14, 2022, this Court entered an Order, recognizing the City's consent to the motion and granting the Blackwood Plaintiffs' Motion to Dismiss and modifying the protective order as requested. See ECF No. 90.

8. On February 24, 2022, the Richmond Times-Dispatch published an article based on an interview with Plaintiffs' counsel regarding the settlement in this matter.

9. For the reasons stated in the Brief in Support of the Motion to Enforce the Settlement and For Sanctions, counsel breached the confidentiality provision of the Settlement Agreement.

10. The City requests that the Motion to Enforce Settlement and For Sanctions, the Brief in Support of the Motion to Enforce Settlement and For Sanctions, and Plaintiffs' Brief in Opposition to the Motion to Enforce Settlement and For Sanctions be filed under seal

11. There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific

findings in support of a decision to seal and rejecting alternatives to sealing.  Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

12. The City's Motion to File Under Seal will be docketed publicly and, if required, set for hearing, thus providing public notice and a reasonable opportunity for interested parties to object. "The public's right to access judicial records stems from two (2) sources: the common law and the First Amendment to the United States Constitution."  BASF Plant Science, LP v. Commonwealth Scientific and Indus. Research Org., No. 2:17-CV-503, 2019 WL 8108115, at *1 (E.D. Va. Aug. 15, 2019) (citing Level 3 Comm's LLC v. Limelight Networks, Inc., 611 F. Supp. 2d 575, 577-78 (E.D. Va. 2009)).  Because the materials in question "pertain[] to a non-dispositive motion, the common law test likely applies rather than the First Amendment Standard." See id. at *3 (citing Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 580 (4th Cir. 2004)).  "The common law right presumes public access to all judicial records, but that presumption can be rebutted where other interests, such as sensitive commercial information, outweigh the public's interest."  Id. at *1 (citing Level 3, 611 F. Supp. 2d at 577).

13. Redacting the information from the Brief in Support of the Motion to Enforce Settlement Agreement and Sanctions is not practicable, because the confidential information pervades the documents.  Accordingly, there are no less drastic alternatives to sealing these documents.

14. With regard to the third factor, the parties specifically agreed to keep information of this nature confidential, pursuant to the Settlement Agreement. Providing specific information about the breach of the Settlement Agreement could render the confidentiality provision moot. This would cause the City irreparable harm.

15. Additionally, Local Rule 5(C) provides that a party moving to file under seal must provide the following:

1. a non-confidential description of what material has been filed under seal;

2. a statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;

3. references to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied; and

4. unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

16. Pursuant to Local Rule 5(c)(1), the documents to be sealed are the Motion to Enforce Settlement Agreement and For Sanctions, the Brief in Support of the Motion to Enforce Settlement and For Sanctions, and the Brief in Opposition to the Motion to Enforce Settlement and For Sanctions.

17. Pursuant to Local Rule 5(c)(2)-(3), in addition to the aforementioned reasons, the basis for this motion is because the parties specifically agreed to keep the terms of the Settlement Agreement confidential. Public disclosure of the confidential information contained in the City's Brief in Support of the Motion to Enforce Settlement and For Sanctions and Plaintiffs' Brief in Opposition to the Motion would violate the express, material terms of the Settlement Agreement. Maintaining confidentiality of such agreements encourages the settlement of future disputes. Stephens v. County of Albemarle, 422 F.Supp.2d 640, 644 (W.D. Va. 2006) ( "In the context of settlement agreements, the Court is well aware that confidentiality may be of paramount concern to the parties, especially where one side fears that publicity of a settlement might encourage further litigation. Subjecting a settlement to terms of confidentiality can play an

5

important role in allaying those concerns, thereby facilitating settlement and avoiding protracted litigation. An early and amicable settlement is certainly a desirable outcome, and for that reason courts regularly enforce confidentiality provisions in settlement agreements."). Further, the City seeks to file the Motion under seal to comply with the confidentiality requirement of the Settlement Agreement and to preserve the confidentiality of the mediation process. See <u>Baella-Silva v. Hulsey</u>, 454 F.3d 5 (1st Cir. 2006) (finding that an attorney breached the confidentiality provision of a settlement where he filed a motion for disbursement of settlement funds not under seal).

18. Pursuant to Local Rule 5(c)(4), the City asks that the documents remained sealed in perpetuity, as the information contained in the proposed sealed documents should remain confidential.

19. The City has satisfied the public notice requirements by filing a Notice of Motion to File Under Seal contemporaneously herewith, in accordance with Local Civil Rule 5.

WHEREFORE, Defendant City of Richmond respectfully requests that this Court grant its Motion to File Under Seal the Motion to Enforce Settlement Agreement and For Sanctions, the Brief in Support of the Motion to Enforce Settlement and For Sanctions, and the Brief in Opposition to the Motion to Enforce Settlement and For Sanctions.

**CITY OF RICHMOND**

**By Counsel**

/s/
Wirt P. Marks (VSB# 36770)
Senior Assistant City Attorney
900 East Broad Street, Room 400
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Email: Wirt.Marks@Richmondgov.com
Counsel for City of Richmond

/s/
Steven D. Brown, Esq. (VSB No. 42511)
ISLERDARE P.C.
1111 East Main Street, Suite 1605
Richmond, Virginia 23219
Telephone: (804) 489-5500
Facsimile: (804) 234-8234
Email: sbrown@islerdare.comCounsel for City of Richmond

/s/
David P. Corrigan (VSB No. 26341)
M. Scott Fisher, Jr. (VSB No. 78485)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
sfisher@hccw.com
Counsel for City of Richmond

# **C E R T I F I C A T E**

I hereby certify that on the __3rd___ day of March, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and hand delivered the foregoing to the following:

Thomas Hunt Roberts, Esq. (VSB No. 26014)
Andrew Thomas Bodoh, Esq. (VSB No. 80143)
Thomas H. Roberts & Associates, PC
105 South First Street, Suite A
Richmond, Virginia 23219
Telephone: (804) 783-2000
Facsimile: (804) 783-2105
tom.roberts@robertslaw.org
andrew.bodoh@robertslaw.org
Counsel for Consolidated Plaintiffs

/s/
Wirt P. Marks (VSB# 36770)
Senior Assistant City Attorney
900 East Broad Street, Room 400
Richmond, Virginia 23219
Telephone: (804) 646-3019
Facsimile: (804) 646-7939
Email: Wirt.Marks@Richmondgov.com
Counsel for City of Richmond